IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID E. LIGONS, SPN #01189339, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3550 |
| STATE OF TEXAS and the 338th DISTRICT COURT FOR HARRIS COUNTY, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, David E. Ligons (SPN #01189339), is currently in custody as a pretrial detainee at the Harris County Jail. Ligons has filed a Complaint for Violations of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning the state court criminal proceedings against him. Ligons has also filed an Application to Proceed in District Court Without Prepayment of Fees or Costs (Docket Entry No. 2). Because Ligons is in custody, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Ligons has been in custody at the Harris County Jail (the "Jail") since January 6, 2016, following his arrest on unspecified criminal charges.[1] Public records clarify that Ligons has been charged with aggravated assault with a deadly weapon in two separate cases, Cause Nos. 149403201010 and 149403101010, which are pending against him in the 338th District Court for Harris County, Texas.[2] Ligons complains that he has been detained for nearly three years without a trial.[3]

Invoking 42 U.S.C. § 1983, Ligons sues the State of Texas and the 338th District Court for Harris County or the state trial judge who is presiding over his criminal case.[4] Ligons seeks unspecified "financial" or compensatory damages and an order requiring some disposition of the criminal cases pending against him in state court.[5]

---

[1] Complaint, Docket Entry No. 1, p. 4.

[2] See Harris County Sheriff's Office, Jail Information, located at: http://www.harriscountyso.org (last visited Oct. 10, 2018).

[3] Complaint, Docket Entry No. 1, pp. 3-4.

[4] The first page of the Complaint lists the State of Texas and Harris County as defendants. See Complaint, Docket Entry No. 1, p. 1. When prompted by the Complaint form, however, Ligons names the 338th District Court for Harris County, Texas, as the sole defendant. See id. at 2.

[5] Id. at 4.

## II. **Discussion**

Ligons appears to seek relief under 42 U.S.C. § 1983 because he has been denied a speedy trial, which is guaranteed by the Sixth Amendment to the United States Constitution. See U.S. Const. amend. VI (providing that an "the accused ... [is entitled] to a speedy and public trial"). To the extent that Ligons sues the State of Texas, his claims must be dismissed because they are precluded by the Eleventh Amendment,[6] which bars an action in federal court by a citizen of a state against his or her own state absent an express waiver. See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574 (5th Cir. 2002). Texas has not waived its Eleventh Amendment immunity, and § 1983 does not otherwise abrogate state sovereign immunity. See NiGen Biotech, L.L.C., v. Paxton, 804 F.3d 389, 394 (5th Cir. 2015) (citing Quern v. Jordan, 99 S. Ct. 1139, 1145 (1979)). Accordingly, Ligons's claims against the State of Texas must be dismissed.

Likewise, Ligons cannot recover monetary damages from the 338th District Court for Harris County or the trial judge presiding over the criminal charges pending against him because "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial

---

[6]The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). Because Ligons does not allege facts that would overcome absolute immunity, his claims for monetary damages against the 338th District Court for Harris County must be dismissed.

The court must also decline Ligons's invitation to intervene in his ongoing state court criminal proceeding by issuing an order or injunction for the disposition of the charges pending against him. Under the well-established doctrine set out in Younger v. Harris, 91 S. Ct. 746, 750-51 (1971), federal courts cannot interfere in ongoing state criminal proceedings unless extraordinary circumstances are present. See Gates v. Strain, 885 F.3d 874, 880 (5th Cir. 2018).

The pleadings reflect that, other than filing a grievance against his defense attorney with the State Bar Association, Ligons has not filed any other complaint or action in state court regarding the delay in his case.[7] There is no record showing that Ligons has attempted to seek a pretrial writ of habeas corpus, either in state or federal court, to assert his right to a speedy trial. See, e.g., Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987). Court records and docket sheets available from the Harris County District Clerk's Office reflect that the charges against Ligons are currently set for a jury trial less than three

---

[7]See Complaint, Docket Entry No. 1, pp. 7-9.

weeks from now, on November 2, 2018.[8] More importantly, other than delay, Ligons does not allege facts sufficient to show that his right to a speedy trial has been abridged. See United States v. Crosby, 713 F.2d 1066, 1078-79 (5th Cir. 1983) (observing that a speedy trial violation under the Sixth Amendment requires proof of actual, substantial prejudice to the defense or evidence of intentional, tactical delay by the prosecution). Under these circumstances, Ligons does not show that federal intervention is warranted. Therefore, the Complaint will be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 2) is **GRANTED**.

2. Officials at the Harris County Jail are directed to deduct the filing fee for indigent litigants ($350.00) from the Inmate Trust Fund account of David E. Ligons (SPN #01189399) in periodic installments pursuant to 28 U.S.C. § 1915(b), and forward those funds to the Clerk of Court until the entire fee is paid.

3. The Prisoner Civil Rights Complaint filed by Anderson under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

4. The dismissal will count as a strike for purposes

---

[8]See Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited Oct. 10, 2018).

of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy of this order by regular or electronic mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Tom Katz, 1200 Baker Street, Houston, Texas, 77002, at fax: 713-755-4546; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 10th th day of October, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE